UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANE DOE (ED-00028),

Plaintiff,

v.

G6 HOSPITALITY LLC, *et al.*,

Defendants.

Case No.: 1:26-cv-05685-JLT-CDB

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED

**14-DAY DEADLINE**

Plaintiff Jane Doe (ED-00028) ("Plaintiff") initiated this action with the filing of a complaint on July 21, 2026 (Doc. 1), and the operative first amended complaint ("FAC") on August 20, 2026. (Doc. 12).

**Background**

In the FAC, Plaintiff alleges that she was a minor victim who was trafficked repeatedly between 2011 and 2015 for commercial sex in lodging rooms throughout southern California owned and/or operated by the various organizational and individual Defendants. All the alleged sex trafficking occurred at four identified lodging properties (hotels) located in Moreno Valley, Ontario, Bell Gardens, and Anaheim. There are no allegations that any of the Defendants is located in the Eastern District of California or that any of the alleged conduct on which Plaintiff's various causes of action are based occurred in the Eastern District of California. From the allegations of the FAC, the only apparent connection between Plaintiff's claims and this District is that Plaintiff

currently resides in the Eastern District of California. (Doc. 12 ¶ 10).

**Discussion**

Plaintiff asserts this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. *Id.* at 3. As such, venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue "may be proper in multiple districts if 'a substantial part of the events or omission giving rise to the claim' took place in each district." *Newby v. Treyled Life Settlements LLC*, No. 1:24-CV-00886-JLT-SAB, 2024 WL 5186712, at *17 (E.D. Cal. Dec. 20, 2024) (quoting 28 U.S.C. § 1391(b)(2)), *report and recommendation adopted as modified*, 2025 WL 585913 (E.D. Cal. Feb. 24, 2025). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

Here, Plaintiff pleads that venue is proper in this District because "one or more Defendants reside in this district and a substantial part of the acts or omissions giving rise to the claims occurred in this district." (Doc. 12 ¶ 23). But Plaintiff has failed to plead any facts establishing either that any Defendant resides in the Eastern District of California or that this District is where a "substantial part of the events or omissions giving rise" to her claim occurred. To the contrary, it appears from Plaintiff's allegations that the conduct giving rise to Plaintiff's claims occurred entirely in the Central District of California. Plaintiff's alleged residency in Kern County is not a basis for finding that venue is proper in this District. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

It appears plain from the FAC that this District is an improper venue for the action, and,

thus, that the action should be dismissed without prejudice to Plaintiff's renewing of the suit in the correct district. *See Daugherty v. Procunier*, 465 F.2d 97, 98 (9th Cir. 1972) (per curiam). But even assuming that venue is in fact proper in this District, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has requested transfer, the district court, should, at a minimum, issue an order to show cause why the case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459, at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a)."). Given the Court's analysis above, transfer to the Central District of California also appears warranted pursuant to § 1404(a).

Accordingly, the Court will order Plaintiff to show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b).

**<u>Conclusion and Order</u>**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. **Within 14 days of the date of service of this order**, Plaintiff shall show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b).
2. Alternatively, Plaintiff may file an application requesting that this case be transferred to the appropriate federal district in which the substantial part of the events occurred, pursuant to 28 U.S.C. § 1404(a).

**<u>Failure to comply with this order will result in a recommendation that this case be dismissed for failure to prosecute and failure to commence the action in a proper District</u>.**

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE