UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANE DOE (ED-00028),

Plaintiff,

v.

G6 HOSPITALITY LLC, *et al.*,

Defendants.

Case No.: 1:26-cv-05685-JLT-CDB

ORDER TRANSFERRING ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

Plaintiff Jane Doe (ED-00028) ("Plaintiff") initiated this action with the filing of a complaint on July 21, 2026 (Doc. 1), and the operative first amended complaint ("FAC") on August 20, 2026. (Doc. 12).

**Background**

In the FAC, Plaintiff alleges that she was a minor victim who was trafficked repeatedly between 2011 and 2015 for commercial sex in lodging rooms throughout southern California owned and/or operated by the various organizational and individual Defendants. All the alleged sex trafficking occurred at four identified lodging properties (hotels) located in Moreno Valley, Ontario, Bell Gardens, and Anaheim (all of which are located within the Central District of California). There are no allegations that any of the Defendants is located in the Eastern District of California or that any of the alleged conduct on which Plaintiff's various causes of action occurred in the Eastern District of California. From the allegations of the FAC, the only apparent

connection between Plaintiff's claims and this District is that Plaintiff currently resides in the Eastern District of California. (Doc. 12 ¶ 10).

Because it appears from the FAC that this District is an improper venue for the action, on August 21, 2026, the Court ordered Plaintiff to show cause why this action should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b). (Doc. 13).

Plaintiff timely filed a response to the order to show cause on September 1, 2026. (Doc. 15). In the response, Plaintiff acknowledges that the conduct underlying her claims occurred in the Central District of California and does not oppose transfer of this action to that district. *Id.* Plaintiff requests that the transfer be directed to the Eastern Division of that court because two of the four involved properties are located there and because that division is the most convenient forum for Plaintiff given her residency in Kern County. *Id.*

**<u>Discussion</u>**

Plaintiff does not oppose transfer. *See* (Doc. 13). Venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff does not plead any facts establishing either that any Defendant resides in the Eastern District of California or that this District is where a "substantial part of the events or omissions giving rise" to her claim occurred. To the contrary, as she acknowledges, Plaintiff's allegations are that the conduct giving rise to Plaintiff's claims occurred entirely in the Central District of California. And Plaintiff's asserted residency in Kern County is not a basis for finding that venue is proper in this District. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962).

Therefore, because venue is not proper in the Eastern District of California, the Court will transfer this action to a proper district (the Central District of California). *See also* 28 U.S.C. § 1404(a).

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that that this matter is transferred to the United States District Court for the Central District of California – Eastern Division.

IT IS SO ORDERED.

Dated: **September 3, 2026**

UNITED STATES MAGISTRATE JUDGE